UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AYANA JEFFERSON,

       Plaintiffs,

    v.

ANTONIO BARRICK, *et al.*,

       Defendants.

Case No. 2:26-cv-01330-CDS-EJY

**REPORT
and
RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP"), ECF No. 13, and her 359 page initiating document, which she titles an Emergency Petition for Writ of Habeas Corpus (sometimes the "Emergency Petition"). ECF No. 1. Plaintiff's claims are largely indecipherable and frivolous. For these and all reasons explained more fully below, the Court recommends Plaintiff's IFP be denied as moot and the Complaint be dismissed with prejudice.

**I.     Screening Standard**

Despite recommending denial of Plaintiff's IFP, the Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). When conducting its review, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from relief. 28 U.S.C. § 1915A(b)(1), (2). Hence, to survive dismissal a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Whether a complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

1

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must nonetheless provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear a complaint's deficiencies cannot be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Finally, a complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.    Background and Discussion**

a.    Plaintiff's Complaint in Case No. 26-cv-1162.[1]

On April 15, 2026, Plaintiff initiated an action that alleged, among other things, a collection of far-reaching, fantastic allegations of conspiracy involving roughly 38 defendants who supposedly kidnapped, trafficked, and sexually abused AJ, her child, and then schemed to silence Plaintiff when she sought to uncover the truth. Case No. 26-cv-1162 at ECF No. 1-1 at 5-9. The Complaint (now dismissed)[2] contended family members, "engaged in a pattern of custodial interference, mail fraud, and … use[d] illegal surveillance" to hide Plaintiff's child and place him in a "sex trafficking/prostitution ring" run by Danielle Jones and "Trish John Doe #3," two individuals identified only as private parties. *Id.* at 5, 8. Plaintiff contended three county social workers, as well as UMC, supposedly "acted in concert" to remove her son from her care without providing her prior notice. *Id.* at 8. Plaintiff alleged the Clark County School District, Nevada Health Right, and a Clark County Ombudsman abdicated their roles as mandatory reporters of sex abuse when they did not intervene after Plaintiff told them her son was a victim of sex and physical abuse. *Id.* Plaintiff contended several private and government attorneys conspired with Clark County Department of

---

[1]    Plaintiff's case at 26-cv-1162 is sometimes referred to herein as "*Jefferson I*."
[2]    *Id*. at ECF No. 17.

2

Family Services and Child Protective Services officials to prosecute Plaintiff, withhold evidence, and make false statements in court filings to "silence" her. *Id*. Plaintiff alleged a Clark County Deputy District Attorney engaged in unexplained "vindictive prosecution" and "fraud on the court" to suppress Plaintiff's parental rights. *Id*. at 5. In sum, Plaintiff alleged that 38 defendants including family members, attorneys, UMC, police, the court system, and social workers "participated in an enterprise to kidnap the minor child AJ and conceal evidence of aggravated sexual assault through a pattern of racketeering activity." *Id*. at 7.

b.    Plaintiff's Current Complaint.

1.    *Judge Almase and court personnel are immune from suit.*

Before she returns to allegations raised in *Jefferson I* through the attachments to her Emergency Petition, Plaintiff names Judge Heidi Almase, who sits as a member of Clark County, Nevada Family Court, along with a number of court personnel, as engaged in wrongdoing that includes, but is not necessarily limited to, fraud, document tampering, and spoliation. ECF No. 1 at 1-2, 4, 6-7. The allegations are, to the extent decipherable, conclusory and fantastic rendering them unbelievable especially in light of the totality of Plaintiff's allegations. *Id*., *generally*. However, even if somehow Plaintiff's allegations were found to state some form of a claim, these Defendants are immune from suit. *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335 (13 Wall.) at 347 (1872) (judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff"); *id*. at 200 (the doctrine of absolute quasi-judicial immunity extends to people who are not judges, but who are carrying out functions that are, "closely associated with the judicial process" and who are acting on a judge's instructions); *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) ("individuals, when performing functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process, are entitled to a grant of absolute quasi-judicial immunity") (internal citation omitted); *Morrison v. Jones*, 607 F.2d 1269 (9th Cir. 1979) (clerks of court enjoy absolute immunity for acts taken as part of the judicial process); *Adams v. FBI*, Case No. C 06-07321 CRB, 2007 WL 627912, at *2 (N.D. Cal. Feb. 26, 2007) (dismissing allegations as frivolous where they described a

"delusional portrait of extreme persecution" where the plaintiff alleged that she was monitored through hidden cameras in her home).

Based on the foregoing, the Court finds all claims against Judge Almase, Lisa Hafen, and "Law Clerk Kevin" (*see* ECF No. 1 at 8) should be dismissed with prejudice.

> 2.    *Plaintiff's claims against various attorneys fail as a matter of law.*

Plaintiff seeks various forms of relief against attorneys whose individual roles in the alleged wide-ranging claims are unclear. ECF No. 1 at 8. Well settled law establishes that public defenders and private defense counsel "cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983." *Jackson v. City of Erie Police Dep't*, 570 Fed.Appx. 112, 113 (3d Cir. 2014) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 317–25 (1981)). For this reason, the Court recommends dismissing all claims against Nicholas Petsas, Joanna Tomlinson, Amity Latham, and Patrick Harris with prejudice.[3]

> 3.    *Plaintiff's claims against various individuals whose roles are not clearly identified.*

On page 8 of her Complaint Plaintiff identifies approximately 27 individuals, under three categories, who are, or were, supposedly involved in an "ongoing illegal detention of the minor child." ECF No. 1 at 8. Other than this broad statement, the Emergency Petition fails to state facts tying any of these Defendants to wrongdoing through contentions the Court is able to locate let alone understand. *Id*. at 1 through 13. The hundreds of pages of exhibits attached to Plaintiff's Emergency Petition fare no better. ECF No. 1-1. These documents are not organized in an identifiable order; nor do they provide clear evidence of wrongdoing by any one of the 27 persons Plaintiff names. *Id*.

The Court concludes that, in the end, "[no] matter how sincerely believed by Plaintiff," her "allegations are simply too fantastic to warrant the expenditure of further judicial and private

---

[3]    To the extent any of these or other individuals identified by Plaintiff is alleged to be a member of the Clark County District Attorney's Office, such individual or individuals are also immune from suit. *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) ("Prosecutors are extended absolute immunity from damages when performing activities closely associated with the judicial process."). Moreover, the Court notes that Plaintiff does not plead facts sufficient to explain what the violations were caused by any counsel identified. To the extent such counsel might be associated with Legal Aid of Southern Nevada, 42 U.S.C § 1983 does not proscribe private conduct and this claim is against a private agency or one of its attorneys. *Aasum v. Good Samaritan Hospital*, 542 F.2d 792, 794 (9th Cir. 1976).

resources." *Athans v. Starbucks Coffee Co.*, Case No. CV-06-1841-PHX-DGC, 2007 WL 1673883, at *2 (D. Ariz. June 11, 2007). Supreme Court precedent holds that U.S. District Courts have the power to "dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33 (cleaned up) (citing *Neitzke*, 490 U.S. at 325-328). Based on the foregoing, the Court recommends Plaintiff's Complaint be dismissed with prejudice and without leave to amend.

> 4.    *Plaintiff's claims against Las Vegas Metropolitan Police Department, the Department of Family Services, and Clark County School District Police fail.*

Well settled law establishes these three entities are all departments falling under Clark County, which would be the proper defendant if any claim raised by Plaintiff was allowed to proceed. *Mullins v. Cnty. of Fresno*, Case No. 1:21-cv-00405-AWI-SAB, 2021 WL 5304015, at *3 (E.D. Cal. Nov. 15, 2021) (collecting cases) (sub-units of local governments are generally not considered "persons" under the Civil Rights Act at 42 U.S.C. § 1983, which is the vehicle through which Plaintiff's Fourteenth Amendment claim is brought). To sue Clark County a plaintiff asserting a constitutional claim against a municipality must allege facts sufficient to establish she: (1) had a constitutional right of which she was deprived; (2) the municipality had a policy that amounts to deliberate indifference to that constitutional right; and (3) the policy is the moving force behind the constitutional violation. *Monell v. Dept. of Soc. Servs*, 436 U.S. 658, 690-95 (1978); *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

Before a *Monell* claim will proceed, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A municipality may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, a municipality may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, a municipality may be liable under Section 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting

*Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Here, Plaintiff's allegations, set out in a jumble of over 359 pages, fails to allege anything approaching a decipherable claim against Las Vegas Metropolitan Police Department, the Department of Family Services, or Clark County School District Police. *Adams*, 2007 WL 627912 at *2; *Stone v. San Diego Cnty. Sheriff*, Case No. 25-cv-00630-RBM-BLM, 2025 WL 3535514 (S.D. Cal. Dec. 10, 2025) (dismissing allegations that the sheriff's department engaged in a "reign of terror" towards plaintiff). The lack of coherency arising from fantastic, unbelievable facts, leads the Court to recommend claims against these three defendants with prejudice.

**III.    Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 13) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED with prejudice and without leave to amend.

Dated this 18th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).