UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ayana Jefferson,

Plaintiff

v.

Antonio Barrick, et al.,

Defendants

Case No. 2:26-cv-01330-CDS-EJY

**Order Denying the Plaintiff's Emergency Motion for a Temporary Restraining Order and Motion for Preliminary Injunction**

[ECF Nos. 11, 12]

Pro so plaintiff Ayana Jefferson seeks injunctive relief related to what appears to be a child custody proceeding in the Eighth Judicial District Court, Clark County, Nevada. Jefferson filed an emergency motion for a restraining order and a preliminary injunction. ECF Nos. 11, 12. There has been no response to these motions because the defendants are not served.[1] Nonetheless, I find that a decision on the motions is appropriate at this juncture without a response from the defendants. Jefferson's motions altogether fail to address the factors that courts must consider in determining the appropriateness of injunctive relief or a restraining order. Because Jefferson does not demonstrate that the remedies of a restraining order or a preliminary injunction are appropriate, I deny her motions.

I.    Discussion

A.  Emergency designation

The local rules of this district provide the court with the sole discretion to determine whether an "emergency" motion is, in fact, an emergency. Local Rule 7-4(c).[2] Emergency

---

[1] The court notes that the time for filing a response has not yet run, but because the case is still being screened so the defendants have not yet been served.

[2] The plaintiff is advised that her pro se status does not allow her to disregard the rules of the court. All litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court, District of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (explaining pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from

motions are disfavored and "should be rare" because of the "numerous problems they create for the opposing party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Indeed, the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza*, 141 F. Supp. 3d at 1141. That is because emergency motions burden both the parties and the court, requiring each to "abandon other pressing matters to focus on the pending 'emergency.'" *Id.*

Generally, an emergency motion is appropriate only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, the crisis occurred because of excusable neglect. *Id.* at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43.

Having reviewed Jefferson's emergency motion,[3] I find it fails to meet the criteria to be considered an emergency. First, the motion fails to comply with Local Rule 7-4. That rule sets forth the proper procedure for filing emergency motions, which requires that a party filing an emergency motion include a declaration that includes:

> A statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the [moving party] has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.

LR 7-4(a)(3).

---

following court rules"). Failure to comply with court orders or rules may result in the issuance of sanctions, which may include dismissal of this action.

[3] The text of the two motions is identical, so I will refer to the contents of ECF No. 11 for purposes of citation.

Although Jefferson's motion includes a declaration, it fails to include the meet-and-confer certification. *See* ECF No. 11 at 7–9. Further, Local Rule 7-4(d) requires that, at the time an emergency motion is filed or shortly thereafter, the moving party "advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed." There is no indication that Jefferson complied with this provision of the rule. Accordingly, I find that the emergency designation should be stricken.

### B. Jefferson's motions (ECF Nos. 11, 12) are denied.

#### 1. *Legal standard*

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. and Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal citations omitted)). The Supreme Court has explained that to obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (cleaned up).

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no

longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

### 2. Discussion

Jefferson moves for a temporary restraining order and a preliminary injunction to (2) immediately freeze all placement moves, (2) cease all interviews of the minor child, and (3) hold a hearing "on the extrinsic fraud committed by DFS." ECF No. 11 at 5. Although a document filed pro se is "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Jefferson's motion does not address any of the *Winter* factors. She provides no argument or discussion demonstrating how she meets the *Winter* factors, in particular her likelihood of success on the merits. *See generally* ECF No. 11. Because Jefferson's motion fails to address the *Winter* factors or cite any authority in support of the requested relief, her motion is denied without prejudice. LR 7-2(d) ("[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

## II.   Conclusion

IT IS THEREFORE ORDERED that the plaintiff's emergency motions for a temporary restraining order and preliminary injunction **[ECF Nos. 11, 12] are DENIED**. The Clerk of Court is kindly directed to strike the emergency designation.

Dated: May 18, 2026

_____
Cristina D. Silva
United States District Judge

4