UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ayana Jefferson,

                    Plaintiff

v.

Antonio Barrick, et al.,

                    Defendants

Case No. 2:26-cv-01330-CDS-EJY

**Order Overruling Plaintiff's Objection, Adopting Magistrate Judge's Report and Recommendation, and Denying as Moot the Plaintiff's Motions**

[ECF Nos. 5, 6, 13, 17, 20]

Plaintiff Ayana Jefferson brings this emergency petition for writ of habeas corpus against several defendants.[1] Pet., ECF No. 1. Because Jefferson applied to proceed *in forma pauperis*, U.S. Magistrate Judge Elayna J. Youchah screened Jefferson's complaint and issued a report recommending (R&R) that I deny Jefferson's application to proceed *in forma pauperis* and her complaint. R&R, ECF No. 17. Judge Youchah recommends that I dismiss the complaint with prejudice and without leave to amend because Jefferson cannot state a claim against a Nevada state court judge and court personnel as they are immune from suit. *Id.* at 3–4. Judge Youchah also recommends dismissing the claims against the other individuals listed in the complaint because the claims are simply too fantastic to warrant expenditure of further judicial resources. *Id.* at 4. Jefferson objects to the dismissal of her claims. Obj., ECF No. 20. Having conducted a de novo review, I accept the R&R and dismiss Jefferson's claims with prejudice.[2]

---

[1] These defendants include: Judge Heidi Almase; Antonio Barrick (defendant/father); Nicolas Petsas (court-appointed counsel); Lisa Hafen (law clerk/administrative personnel); Law Clerk Kevin; Joanna Tomlison (attorney/state actor); Amity Latham (attorney/state actor); Patrick Harris (attorney/state actor); Stacy Perez, Rashonda Tillman, Melanie Afromsky, Jordan Kramer, Sara Broo; Deanne Peters, Michael Rico, Adam Vander Heyden, Paul Adrias; Erica Suzuki, Jennifer R. McDonald, Julie Richmond, Wendy Swinton; Nancy Lemke, Judge Robert W. Teuton, Stephen B. Wilson; Jackie B., Camen, and Aminata Jefferson Tisa Evans; Angelica Barrick and Bethany Barrick; Samantha Bremmer, Natoya Bremmer Christopher Burk & Tamera Miller; Brittany Wallace, Alicia Wallace, and Chelsea Wallace; Las Vegas Metropolitan Police Department; Clark County School District Police Department; and the Clark County Department of Family Services. ECF No. 1 at 1, 8.

[2] Because I accept the R&R and Jefferson's claims are dismissed with prejudice, Jefferson's motion to file to supplement exhibits (ECF No. 5) and motion to seal (ECF No. 6) are denied as moot.

## I.    Standard of review

Where a party objects to a magistrate judge's findings and recommendations, the court "shall make a de novo determination of those portions of the report which objection is made." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Local Rule IB 3-2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *Reyna-Tapia*, 328 F.3d at 1121 (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

## II.    Discussion

In her emergency petition, Jefferson seeks injunctive relief based on alleged extrinsic fraud, attorney collusion, and state-created danger for a minor child. ECF No. 1. Specifically, Jefferson alleges that Judge Almase, a family court judge in the Eighth Judicial District Court, Clark County, Nevada, failed to address formal notices of 18 U.S.C. § 1591 and has allowed her staff to obstruct the judicial record by creating a state-created danger. *Id.* Jefferson asserts various paragraphs titled "specific specifications of fraud and material impossibilities." *Id.* at 2. Though difficult to discern, these paragraphs attempt to allege that there is proof of intrinsic fraud and fabricated entry of a court document. *Id.* at 2–3. Under a separate section titled "mandatory grounds for federal intervention," Jefferson asserts that her Sixth and Fourteenth Amendment rights have been violated because there was attorney collusion, and her court-appointed counsel, Nicholas Petsas, had a per se conflict due to his active candidacy for district court judge. *Id.*

Jefferson also alleges that there was a state-created danger and conspiracy to suppress in violation of 42 U.S.C. § 1983 and asserts claims against Stacy Perez, Amity Latham, and Nicholas Petsas. ECF No. 1 at 4. As alleged, Jefferson was subjected to coordinated surveillance by the

2

following individuals: Brittany, Alicia, and Chelsea Wallace. *Id.* Jefferson next asserts a RICO claim under 18 U.S.C. § 1962 against state agents, court clerks, and counsel. *Id.*

The relief that Jefferson requests includes an order issuing an immediate stay of all proceedings in the Eighth Judicial District Court due to intrinsic and extrinsic fraud; mandating immediate return of the minor child to the petitioner; vacate all orders entered after February 20, 2026; referring this matter to the Department of Justice for a criminal investigation; and ordering a forensic audit of the state court's physical files. *Id.* at 7.

Judge Youchah recommends that I dismiss the complaint for the following reasons: Judge Almase and the court personnel are immune from suit; the claims against various attorneys fail as a matter of law because public defenders and private defense counsel cannot be construed as a person acting under the color of state law within the meaning of § 1983; the claims against various individuals and their roles are not clearly identified; the plaintiff's allegations against the Las Vegas Metropolitan Police Department, the Department of Family Services, and Clark County School District Police fail to state a claim because it lacks coherency arising from fantastic and unbelievable facts. *See generally* ECF No. 17.

Jefferson asserts ten objections: (1) the R&R applies an incorrect legal standard by denying a pro se litigant leave to amend; (2) the R&R errs by characterizing objective medical and police records as frivolous; (3) the R&R errs in finding that Jefferson cannot state a substantive due process claim under the state-created danger doctrine because it is seeking civil rights relief under 42 U.S.C. § 1983 for severe constitutional deprivations executed by state actors acting in concert with a private individual; (4) Jefferson emphasizes that there are present constitutional deprivations because the state agency continues to deliberately isolate the minor child from the safety and protection of the natural mother;[3] (5) the magistrate judge

---

[3] In objection 4, Jefferson also appears to be objecting to Judge Youchah's recommendation to deny as moot the *in forma pauperis* application, and she asserts that dismissing the application would be clear procedural error. ECF No. 20 at 6. Because I accept the R&R, which includes the recommendation to dismiss the petition with prejudice, denying the plaintiff's application to proceed *in forma pauperis* is proper.

errs by asserting that the court personnel and clerks enjoy absolute quasi-judicial immunity for acts of document tampering and spoliation of court records; (6) the magistrate judge errs in recommending dismissal of private attorneys and family members, including Tackenscha Thompson, on grounds that they are private parties who do not act "under color of state law"; (7) the magistrate judge errs in finding that Jefferson failed to allege a custom, policy, or practice under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because there is an ongoing isolation of the minor child, total disregard of mandatory reporting laws regarding physical and sexual child abuse, and systematic suppression of active law enforcement tracking that represents an institutionalized custom of administrative concealment; (8) the magistrate judge errs in dismissing her claims with prejudice without allowing an amendment to cleanly detail her conspiracy claim; (9) the magistrate judge errs in finding that Jefferson failed to satisfy municipal liability standards under *Monell*; and (10) the magistrate judge committed fraud on the court by labeling objective municipal records as a lack of coherency. *See* ECF No. 20.

Jefferson's objections include disagreements with the magistrate judge's findings and attempts to reargue what she asserted in her petition. I first address Jefferson's objections 2, 3, 4, 6, 7, 9, and 10.

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge, and thus has the same effect as a failure to object. *See In re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009). Objections to a magistrate judge's report and recommendation that do nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarize what has been presented before, are not objections as that term is used in this context. 28 U.S.C. § 636(b)(1); *see also United States v. Brooks*, 599 F. Supp. 3d 337 (W.D.N.C. 2022).

Here, Jefferson simply reiterates the narrative asserted in her petition.[4] In other words, her objections "do not meaningfully dispute the magistrate judge's findings and recommendations." *Trejo Perez v. Madden*, 2020 WL 1154807, at *1 (E.D. Cal. Mar. 10, 2020). "[A]n objection to a magistrate's findings and recommendations is 'not a vehicle for the losing party to relitigate its case.'" *Conner v. Kirkegard*, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018) (quoting *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009)). Thus, I am not required to conduct de novo review under 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Accordingly, I decline to further consider objections 2, 3, 4, 6, 7, 9, and 10.

I next address Jefferson's fifth objection, that the magistrate judge errs by finding that the court personnel and clerks enjoy absolute quasi-judicial immunity for acts of document tampering and spoliation of court records. ECF No. 20 at 6. In Jefferson's objection, she argues that this reasoning was erroneous because when court personnel alter or spoliate official records to conceal child sex trafficking, those actions cease to be judicial functions. *Id.* Jefferson's petition asserts that Judge Almase maintained jurisdiction over the state action, failed to address formal notices of federal sex trafficking, and allowed her staff to obstruct judicial record. ECF No. 1 at 1–2.

Judges are generally immune from suits, not merely damages, for actions taken in connection with cases before them, even if such actions were taken in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (upholding judicial immunity in § 1983 action even in face of allegations

---

[4] For instance objections (2) the R&R errs by characterizing objective medical and police records as frivolous, (6) the magistrate judge errs in recommending dismissal of private attorneys and family members, and (10) the magistrate judge committed fraud on the court by labeling objective municipal records and ongoing peril as a lack of coherency are simply arguments disagreeing with the magistrate judge's findings. As to objection six, upon reviewing the petition, though not clearly alleged, it reveals that Jefferson did not properly allege claims against private individuals that would arise under a § 1983 claim. Equally unpersuasive are objections 3, 4, 7, 9 which attempt to reassert allegations and arguments raised in the petition. *See* ECF No. 1 at 3–4, 8.

of bad faith or malice); *see also Pierson v Ray*, 386 U.S. 547, 554 (1967) (explaining that immunity applies even when the judge is accused of acting maliciously and corruptly). Jefferson's petition makes no allegation that the defendants (judge, law clerk, administrative staff) acted outside of their official roles, or outside their jurisdiction, so they are immune from suit as a matter of law and cannot be sued under 42 U.S.C. § 1983.

In other words, Jefferson's claims cannot proceed as they fail as a matter of law. "Judges lose their immunity only for actions not taken in a judicial capacity, or judicial actions taken in the complete absence of any jurisdiction." *Ateser v. Bopp*, 1994 U.S. App. LEXIS 18014, *14 (9th Cir. July 19, 1994) (citing *Mireles*, 502 U.S. at 11–12). Indeed, the petition offers no plausible theory on how either exception to immunity—clear absence of jurisdiction or non-judicial acts—could apply here. As the defendants are clearly immune from suit for their alleged acts, amendment would be futile.

Jefferson's objections 1 and 8 assert that Judge Youchah erred in recommending dismissal of her claims with prejudice and without leave to amend. ECF No. 20 at 1, 8. A court should not dismiss a complaint with prejudice unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Soliz v. Murphy, Goering, Roberts & Berkman, P.C.*, 1993 U.S. App. LEXIS 28623, at *4 (9th Cir. Oct. 29, 1993); *In re Daou Sys.*, 411 F.3d 1006, 1013 (9th Cir. 2005) (citation modified) (explaining "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (explaining leave need not be granted where the amendment of the complaint would constitute an exercise in futility). A district court does not abuse its discretion by dismissing a complaint with prejudice where amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

I find that dismissing Jefferson's petition with prejudice and without leave to amend is proper for two reasons. First, the allegations in the petition are difficult to follow and

unintelligible, so I find that leave to amend would be futile. For example, although Jefferson used terms such as "RICO Enterprise" under 18 U.S.C. § 1962, ECF No. 1 at 4, the petition is completely devoid of any elements alleging what could give rise to a private cause of action. A complaint must allege facts "to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Jefferson's petition consists of an incomprehensible narrative making it difficult for the court to determine the factual or legal bases for her claims.

Second, even if Jefferson would have properly pleaded claims under § 1983, Jefferson has not shown that the relief requested can be granted by this court. Among her requested relief, Jefferson is requesting that this court refer this matter to the Department of Justice to conduct an investigation. *See* ECF No. 1 at 7. The Ninth Circuit has long held that federal courts lack the authority to direct or compel investigations. *See United States v. Chavez*, 566 F.2d 81, 81 (9th Cir. 1977) (holding that federal courts lack the authority to conduct investigations or compel agencies to do so as that would infringe upon the executive branch's discretion). Further, Jefferson also seeks an order issuing an immediate stay of all proceedings in the Eighth Judicial District Court and vacating all orders entered after February 20, 2026. *See* ECF No. 1 at 7. But Jefferson has not pointed to any authority allowing this court to grant this relief. *See Clark v. Washington*, 366 F.2d 678, 681–82 (9th Cir. 1996) (explaining that the "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"). Jefferson also requests an order mandating the immediate return of "the minor child" to the petitioner, but throughout the petition, it is unclear what relation the petitioner has to the minor child and what authority Jefferson relies on to seek the requested relief.[5] So I find that Judge Youchah's recommendation of dismissal with prejudice is appropriate.[6]

---

[5] Throughout the petition, there is reference to a minor child, but the relationship between the petitioner and the minor child is not explained. Liberally construing the petition, it appears that the petitioner is the minor child's mother. *See* ECF No. 1 at 4, 7, 8; ECF No. 20 at 3–4.

[6] Further, to the extent Jefferson is challenging a family court order removing the minor child from petitioner's care, Jefferson needs to challenge that decision in state court because the under *Rooker-*

In sum, each of Jefferson's objections are overruled. Contrary to Jefferson's arguments, Judge Youchah has not committed a mistake, misapplied the law, or committed some sort of fraud. I agree with the magistrate judge's recommendation that Jefferson's claims should be dismissed with prejudice. I therefore accept the R&R in its entirety.

**III.      Conclusion**

IT IS HEREBY ORDERED that Jefferson's objection **[ECF No. 20] is overruled**; therefore, the magistrate judge's report and recommendation **[ECF No. 17] is accepted and adopted in full**. This case is dismissed with prejudice and without leave to amend.

IT IS FURTHER ORDERED that Jefferson's motion to proceed *in forma pauperis* **[ECF No. 13]**, emergency motion for leave to supplement exhibits **[ECF No. 5]**, and emergency motion to seal **[ECF No. 6] are DENIED as moot**.

The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case. No other documents may be filed in this now-closed case.

Dated: June 4, 2026

_____
Cristina D. Silva
United States District Judge

---

*Feldman* Doctrine, federal courts lack subject matter jurisdiction to hear what are essentially appeals from state court judgments. *See Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012) ("It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." (cleaned up)). "Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are in essence being called upon to review the state court decision." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citations omitted).